IN THE SUPERIOR COURT



**FILED**
May 13, 2021
SX-2017-CV-00435
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **LUIS MAGRAS,** | |
| **PLAINTIFF,** | **Civil No. SX-17-CV-435** |
| v. | **ACTION FOR DAMAGES** |
| **NATIONAL INDUSTRIAL SERVICES, LLC, PINNACLE SERVICES, LLC, AND LIMETREE BAY TERMINALS, L.L.C.,** | **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | **CITE AS: 2021 VI SUPER 50U** |

## MEMORANDUM OPINION AND ORDER

¶ 1    **THIS MATTER** came before the Court on Defendant National Industrial Services, LLC's (hereinafter "NIS") motion to stay lawsuit pending arbitration, filed on April 14, 2021. As of the date of this order, no opposition has been filed in response.

### BACKGROUND

¶ 2    On December 18, 2017, Plaintiff Luis Magras' (hereinafter "Plaintiff") filed a complaint against Defendant NIS and Defendant Pinnacle Services, LLC (hereinafter "Pinnacle") in connection with Plaintiff's employment with Defendant NIS.

¶ 3    On January 17, 2018, Defendant NIS filed a motion to dismiss or stay lawsuit in lieu of arbitration. In response, Plaintiff filed an opposition and Defendant NIS filed a reply thereto. On January 19, 2018, Defendant Pinnacle filed a motion to stay pending arbitration. In response, Plaintiff filed an opposition and Defendant Pinnacle filed a reply thereto.

¶ 4    On September 26, 2018, Defendant Pinnacle filed a motion for leave to file supplemental brief in support of arbitration and attached its supplemental brief in support of arbitration. On October 2, 2018, Defendant NIS filed a joinder to Defendant Pinnacle's motion for leave to file supplemental brief in support of arbitration and Defendant Pinnacle's supplemental brief in support of arbitration. On October 22, 2018, Plaintiff filed an opposition to Defendant Pinnacle's

supplemental brief in support of arbitration. The Court subsequently granted Defendant Pinnacle's motion for leave to file supplemental brief in support of arbitration.

¶ 5    On January 21, 2020, Defendant NIS filed a notice of additional authority in support of arbitration. On February 5, 2020, the Court entered an order whereby the Court converted Defendant NIS's motion to dismiss or stay lawsuit in lieu of arbitration into a motion for summary judgment and ordered NIS to submit a supplemental brief, Plaintiff to submit an opposition thereto, and Defendant NIS to submit a reply thereto. On February 26, 2020, Defendant NIS filed a supplemental brief as ordered by the Court. On February 22, 2020, Defendant Pinnacle filed a joinder to Defendant NIS's February 26, 2020 supplemental brief. On January 23, 2021, Defendant NIS filed a notice of pending motion to compel arbitration and request for ruling on the motion. On March 25, 2021, the Court to granted Plaintiff's motion to amend complaint to add Limetree Bay Terminals, L.L.C. as a defendant in Plaintiff's first amended complaint.

¶ 6    On April 4, 2021, Defendant NIS filed this instant motion to stay lawsuit pending arbitration.

## DISCUSSION

¶ 7    In its motion to dismiss or stay lawsuit in lieu of arbitration, filed on January 17, 2018, Defendant NIS argued that Plaintiff is required to arbitrate all his claims in this matter pursuant to a release and waiver of rights Plaintiff executed and that this matter must be stayed or dismissed pending arbitration. In its supplemental brief, filed on February 26, 2020, Defendant NIS reiterated its argument that Plaintiff is required to arbitrate all his claims in this matter pursuant to a release and waiver of rights Plaintiff executed and that this matter must be stayed or dismissed pending arbitration. In its instant motion to stay lawsuit pending arbitration, Defendant NIS again reiterated its argument and indicated that it "expressly references and incorporates all prior argument and

briefing filed by NIS in support of its position that this case should be stayed or dismissed while the action proceeds in arbitration, specifically including, but not limited to, NIS' prior: Motion to Dismiss or Stay Lawsuit in Lieu of Arbitration, dated January 17, 2018; Reply in Support of National Industrial Services' Motion to Dismiss or Stay Lawsuit In Lieu of Arbitration, dated February 20, 2018; Joinder to Defendant Pinnacle Services, LLC's Motion for Leave to File Supplemental Brief, dated October 2, 2018; Notice of Additional Authority in Support of Arbitration, dated January 21, 2020; and Supplemental Brief in Support of [NIS] Motion to Dismiss or Stay Lawsuit in Lieu of Arbitration, dated February 25, 2020."[1] (Motion, p. 1 n. 1)

¶ 8    Here, the Court finds that Defendant NIS implicitly withdrew its prior motion to dismiss or stay lawsuit in lieu of arbitration when it filed this instant motion. *See In re Refinery Dust Claims*, 72 V.I. 256, 290 (Super. Ct. Dec. 13, 2019) (citing *Mitchell v. Gen. Eng'g Corp.*, 67 V.I. 271, 278 (Super. Ct. Feb. 23, 2017) ("a motion can also be deemed withdrawn based on certain actions or inactions of the party who filed the motion"). The Court further finds that, in its instant motion, Defendant NIS essentially tasked the Court with weaving together its arguments from all of its prior briefings related to the issue of arbitration. The Court will decline doing Defendant NIS's legwork; the Court is already overburdened. At this juncture, the Court will deny without prejudice Defendant NIS's instant motion, order that all arguments previously raised are preserved, and give Defendant NIS the opportunity to refile its motion with all the arguments it wishes to assert.

## CONCLUSION

¶ 9    Based on the foregoing, the Court will deem Defendant NIS's prior motion to dismiss or stay lawsuit in lieu of arbitration withdrawn, deny without prejudice Defendant NIS's motion to

---

[1] In its instant motion, Defendant NIS did not reassert its prior arguments.

stay lawsuit pending arbitration, and order that all arguments previously raised are preserved.

Accordingly, it is hereby:

**ORDERED** Defendant NIS's motion to dismiss or stay lawsuit in lieu of arbitration, filed

January 17, 2018, is **DEEMED WITHDRAWN**. It is further:

**ORDERED** that, Defendant NIS's motion to stay lawsuit pending arbitration, filed on

April 14, 2021, is **DENIED WITHOUT PREJUDICE**. And it is further:

**ORDERED** that all arguments previously raised are preserved.

**DONE and so ORDERED this** 13th **day of** May **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: _____5/13/2021_____

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**